```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFF S. ROTH,

                        Plaintiff,                              MEMORANDUM AND ORDER

        v.                                                      23-CV-0361 (RPK) (ARL)

LEVITTOWN UNION FREE SCHOOL
DISTRICT,

                        Defendant.
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

Plaintiff Jeff S. Roth brings this action against defendant Levittown Union Free School District, principally alleging that defendant violated his right to freedom of speech by restricting public comment at school board meetings to local residents. The District moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

## BACKGROUND

The following facts are taken from the complaint and assumed true for the purposes of this order.

In July 2021, plaintiff, who is not a resident of the Levittown Union Free School District, Compl. ¶ 10 (Dkt. #1), went to one of the District's buildings to attempt to retrieve documents he had requested under New York's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law §§ 84–90. Compl. ¶ 2. A security guard told plaintiff that he was banned from the premises. *Ibid.* Plaintiff "called the Nassau County Police Department, and as a courtesy the responding officers obtained the FOIL" materials for plaintiff. *Ibid.*

1

Later that month, plaintiff attended a District Board of Education "[s]pecial meeting," where he was "not permitted to speak," on the ground that "it was a '[s]pecial [m]eeting' and public participation was not on the agenda." *Id.* ¶ 3. When plaintiff "informed the board of [h]is intention[] to attend the next regular general meeting and to speak . . . the superintendent and board informed [him] that they do not permit non-residents to speak" at Board meetings. *Ibid.*

In addition, "the same security guard" who had earlier told plaintiff he was banned from the premises advised plaintiff that his name was "[o]n a piece of paper." *Id.* ¶ 4.

In August 2021, plaintiff attended a "regular board of education meeting" for the District. *Id.* ¶ 6. "[A] number of residents" spoke at the meeting. *Ibid.* "After all the residents spoke," plaintiff "walked to the dais and signed the list to speak even though [he is] not a '[r]esident of Levittown.'" *Id.* ¶ 7. The Board then "adjourned the meeting for 5 minutes" and went to another room. *Id.* at 9. During the adjournment, security guards attempted to remove plaintiff from the meeting and informed him that he was "not welcome nor a resident." *Id.* ¶ 10.

Plaintiff—who filed his complaint *pro se* but has since obtained counsel—then filed this lawsuit under 42 U.S.C. § 1983. Plaintiff's complaint alleges violations of his constitutional right to "[f]reedom of [s]peech" and his "[r]ight to [a]ccess." *Id.* ¶ II.A.

The District has moved to dismiss the complaint for failure to state a claim. *See generally* Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #11).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the "plausibility standard is not akin to a 'probability requirement,'" it does require that a plaintiff allege sufficient

2

facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quoting *Twombly*, 550 U.S. at 556). In contrast, a complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when, as a matter of fact, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. Although the court must accept all facts alleged in a complaint as true, this principle does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678.

## DISCUSSION

Plaintiff's complaint is dismissed because plaintiff has not plausibly alleged a violation of his First Amendment speech rights, and he has abandoned any right-of-access claim.

### I. Plaintiff's Free Speech Claim Is Dismissed.

Defendant's motion to dismiss plaintiff's free-speech claim is granted. In his complaint, plaintiff alleges—without describing his legal theory—that defendant violated his right to "[f]reedom of [s]peech." Compl. ¶ II.A. Plaintiff's brief opposing dismissal makes clear that plaintiff's theory is that the District violated the First Amendment by prohibiting non-residents from speaking at Board of Education meetings. *See* Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") 6–7 (Dkt. #18). That contention fails, because the District's exclusion of plaintiff on the basis of his status as a non-resident is a permissible restriction on speech in a limited public forum.

The parties agree that the District's regular Board of Education meetings are limited public fora, *see* Mot. to Dismiss 5; Pl.'s Opp'n 5, which the government creates when it "opens a non-public forum but limits the expressive activity to certain kinds of speakers or to the discussion of certain subjects," *Hotel Emps. & Rest. Emps. Union, Loc. 100 of N.Y. & Vicinity, AFL-CIO v. City*

of *N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 545 (2d Cir. 2002) (quoting *N.Y. Mag. v. Metro. Transit Auth.*, 136 F.3d 123, 128 n.2 (2d Cir. 1998)); *cf. ibid.* (recognizing open school board meetings as examples of limited public fora).  In a limited public forum, "restrictions on access based on speaker identity and subject matter are permissible only if 'the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral.'"  *Bronx Household of Faith v. Cmty. Sch. Dist. No. 10*, 127 F.3d 207, 211–12 (2d. Cir. 1997) (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985)).  A speech restriction is reasonable if "it is wholly consistent with the [government's] legitimate interest in preserving the property . . . for the use to which it is lawfully dedicated."  *Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133, 147 (2d. Cir. 2004) (alteration and omission in original) (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 50–51 (1983)).  The restriction "need not be the most reasonable or the only reasonable limitation."  *Ibid.* (quoting *Int'l Soc'y for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 683 (1992)).

  Plaintiff has not plausibly alleged that the District's exclusion of non-residents is unreasonable in light of the purpose served by the limited public forum.  The Supreme Court has recognized that a school district has a "legitimate interest in 'preserving'" a forum it creates "for the use to which it is lawfully dedicated," *Perry*, 460 U.S. at 51 (alteration and citation omitted), and that, consistent with that interest, certain speakers may be denied access because a party that "does not have any official responsibility in connection with the school district . . . need not be entitled to the same rights of access" as those who do, *ibid.*  Plaintiff has not set forth factual allegations affording a basis to conclude that, notwithstanding that general principle, the school district lacked an interest in preserving school board meetings as a forum for those officially connected with the district.  *See Tyler v. City of Kingston*, 74 F.4th 57, 64 (2d. Cir. 2023) (affirming dismissal of First Amendment challenge to restrictions on speech at council meetings because

4

plaintiffs failed to "adequately allege that the [speech restriction] was unreasonable" in relation to the purpose of the limited public forum).

Nor has plaintiff plausibly alleged that the District's restriction discriminates on the basis of viewpoint. The practice of excluding non-residents is viewpoint neutral on its face because it "draws no distinction between groups based on their message or perspective." *Christian Legal Soc'y Chapter of the Univ of. Cal., Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 694 (2010). Rather than targeting "particular views taken by speakers on a subject," *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995), a prohibition on speech by non-residents applies equally to all those who live outside the District, regardless of the views they seek to express.

Consistent with this analysis, courts appear to have uniformly rejected First Amendment challenges to prohibitions on non-resident speech during the public-comment portion of government meetings. *See Rowe v. City of Cocoa*, 358 F.3d 800, 802–04 (11th Cir. 2004) (rejecting argument that defendant "City's residency requirement for speakers during City Council meeting . . . violates [plaintiff's] First Amendment rights of free speech and expression"); *Carlow v. Mruk*, 425 F. Supp. 2d 225, 246 (D.R.I. 2006) ("The court finds that the rule of order prohibiting non-residents from speaking at the annual meeting [of a fire district] is both reasonable and viewpoint neutral and that Plaintiffs have not alleged [a] violation of a constitutional right."); *Miller v. Goggin*, No. 22-CV-3329 (KSM), 2023 WL 3294832, at *11 (E.D. Pa. May 5, 2023).

Plaintiff's contrary arguments are unavailing. Plaintiff first calls into question whether speaker-based limitations are viewpoint-neutral, invoking the Supreme Court's statement—made in the context of explaining that governments are not generally permitted to enact "restrictions distinguishing among different speakers"—that "[s]peech restrictions based on the identity of the speaker are all too often simply a means to control content." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340 (2010). But *Citizens United,* which did not involve speech in a limited

5

public forum, acknowledged that speaker-based restrictions are valid when they are "based on an interest in allowing governmental entities to perform their functions." *Id.* at 341. Accordingly, after *Citizens United*, both the Supreme Court and the Second Circuit have continued to recognize the validity of reasonable speaker-based restrictions within limited public fora, so long as those restrictions do not discriminate based on viewpoint. *See Matal v. Tam*, 582 U.S. 218, 243 (2017); *Johnson v. Perry*, 859 F.3d 156, 172 (2d. Cir. 2017).

Plaintiff cannot keep his claim alive by positing in his opposition papers that the forum limitations may be a "surrogate for racial discrimination" because District residents are more likely than non-residents to be white. Pl.'s Opp'n 7. Plaintiff has not brought a claim of racial discrimination in this lawsuit, and, in any event, an allegation of disparate impact alone is insufficient to support a claim that the government has acted with an impermissible discriminatory purpose. *Cf. Jana-Rock Constr., Inc. v. N.Y. State Dep't of Econ. Dev.*, 438 F.3d 195, 204, 211 (2d. Cir. 2006) (explaining that plaintiffs who challenge "facially neutral laws on equal protection grounds bear the burden of making out a prima facie case of discriminatory purpose," which requires showing that the government "selected or reaffirmed a particular course of action at least in part because of, not merely in spite of its *adverse effects* upon an identifiable group" (quotation marks and citations omitted)).

Because plaintiff has failed to allege a violation of the First Amendment, his free speech claims are dismissed.

## II.   Plaintiff's Right of Access Claims Is Also Dismissed.

A federal court may deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in his opposition papers the defendant's arguments for dismissal. *See, e.g.*, *Malik v. City of New York*, 841 F. App'x 281, 284 (2d. Cir. 2021); *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018); *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*,

6

323 F. Supp. 3d 393, 449 (S.D.N.Y. 2018).  That standard is met here.  Plaintiff does not address defendant's contention that plaintiff has failed to state a right-of-access claim.  *See generally* Pl.'s Opp'n.  Plaintiff's right-of-access claim is accordingly dismissed as abandoned.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.  If plaintiff wishes to amend his pleadings, he shall file a motion within thirty days seeking leave to amend, with the proposed amended complaint attached as an exhibit.  The motion should explain how the amended complaint addresses the pleading defects identified in this opinion.  Otherwise, judgment shall be entered.

SO ORDERED.

                                                  */s/ Rachel Kovner*
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated: September 26, 2023
           Brooklyn, New York